FILED
2006 Sep-26  PM 01:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JASON SMITH, et al., } | |
| } | |
| Plaintiffs, } | |
| } | CASE NO. |
| v. } | 05-AR-2012-S |
| } | |
| TBC CORPORATION, et al., } | |
| } | |
| Defendants. } | |
| } | |

## MEMORANDUM OPINION

Before the court is the motion to facilitate 29 U.S.C. § 216(b) notice and conditionally certify a collective action of plaintiffs Jason Smith, et al. ("Smith plaintiffs"). Smith plaintiffs filed a complaint in this court asserting violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and seeking compensation and benefits. Smith plaintiffs ask the court to certify this case as a collective action under the FLSA, seeking nationwide notice. For the reasons that follow, the court will grant Smith plaintiffs' motion in part and deny it in part.

## INTRODUCTION AND PROCEDURAL HISTORY

Smith plaintiffs, consisting of four individuals, filed this action on September 23, 2005 against TBC Corporation ("TBC"), Tire Kingdom, Inc. ("Tire Kingdom"), National Tire Wholesale, Inc.

("NTW"),[1] and three fictitious defendants, who must be ignored.  An additional nine individuals have since filed consents to become party plaintiffs in this action.  In addition, Smith plaintiffs have now dismissed their action against TBC, apparently doubting the court's personal jurisdiction over that party.[2]

Smith plaintiffs and the potential collective action members in this case are or have been employed by Tire Kingdom and/or NTW. Smith plaintiffs allege that Tire Kingdom and NTW violated the FLSA by requiring them to work primarily non-managerial job functions for 55-80 hours per week for a salaried amount, without sales incentives, overtime compensation, commission, bonuses, or sick time.  Smith plaintiffs seek unpaid compensation and benefits, plus liquidated damages pursuant to 29 U.S.C. § 216(b), and/or prejudgment interest.

Smith plaintiffs aver that each of them held a position at Tire Kingdom or NTW as a Store Manager, Assistant Manager, and/or Service Manager.[3]  On May 1, 2006, Smith plaintiffs submitted their

---

[1] Smith plaintiffs actually named National Tire and Battery, Inc., not NTW, as a defendant in their original complaint, but subsequently amended the complaint to correctly replace National Tire and Battery, Inc. with NTW.

[2] Tire Kingdom also asserted in its answer to Smith plaintiffs' amended complaint that the court lacks jurisdiction over it, but has since waived that defense.  (Dkt. # 42)

[3] According to Smith plaintiffs' amended complaint, at various times relevant to this dispute, plaintiff Robert Wells was employed as a Store Manager; plaintiff Brian Simpson was employed as either an Assistant Manager or a Service Manager; plaintiff Jason Smith was employed as either a Store Manager, Assistant Manager, or Service Manager; and plaintiff Walter Hicks was employed as an Assistant Manager. (Dkt. # 19)

motion requesting that the court enter an order that nationwide notice of this action be issued to all current and former Store Managers, Assistant Managers, and Service Managers who have held one of those positions since November 2003.   At a class-certification hearing held on July 21, 2006, counsel for Smith plaintiffs indicated that they would proceed with their request with regard to the Service Managers only, because Smith plaintiffs no longer believed that they could demonstrate that all past and current Store Managers and Assistant Managers were similarly situated.

## LEGAL STANDARDS

An action to recover the liability prescribed in the FLSA can be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).[4]   Collective action treatment under § 216(b) reflects a policy in favor of judicial economy by which "the judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity."  *See Hoffman-La Loche, Inc. v. Sperling*,

---

[4] 29 U.S.C. § 216(b) goes on to provide the procedures for representative or class actions: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  The fundamental difference between § 216(b) and Rule 23 is therefore that under § 216(b), members of the class must affirmatively "opt in," while in a Rule 23 proceeding, each person within the class description is presumed a member of the class and is therefore bound by the judgment unless the person "opts out" of the suit.  *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001).

493 U.S. 165, 170 (1989).  Accordingly, the Eleventh Circuit has held that a district court should make certain determinations before allowing an individual plaintiff to give notice to other potential members of a collective action under the FLSA. Specifically, "the district court should satisfy itself that there are other employees of the defendant-employer who . . . are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

A plaintiff bears the burden of establishing that he and the group he wishes to represent are similarly situated. *See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996).  While the meaning of "similarly situated" is not defined by the FLSA, the Eleventh Circuit has expressed the view that the "similarly situated" requirement is "more elastic and less stringent than the requirements found in Rule 20 (joinder) and Rule 42 (severance) . . .[and] that a unified policy, plan, or scheme of discrimination may not be required to satisfy the more liberal 'similarly situated' requirement of § 216(b) . . . ." *Grayson*, 79 F.3d at 1094; *see also Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).  Although the Eleventh Circuit has made it clear that a plaintiff may establish that others are "similarly situated" without pointing to a particular plan or policy, a plaintiff must make some rudimentary showing of commonality between

4

the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions. *See*, *e.g.*, *Holt v. Rite Aid Corp.*, 333 F.Supp. 2d 1265, 1270 (M.D. Ala. 2004).

The traditional analysis for collective action treatment is divided into two stages. *See Hipp*, 252 F.3d at 1218 (outlining a two-tiered approach which may, but does not have to be followed by district courts in evaluating whether the plaintiff has met this burden, whereby the court applies a lenient standard of "similarly situated" at the notice stage, and then applies a more stringent standard of "similarly situated" at a stage typically precipitated by a defendant's motion for decertification). The stage-one determination is generally "made using a fairly lenient standard" because "the court has minimal evidence." *Cameron-Grant v. Maxim Helathcare Services, Inc.*, 347 F.3d 1240, 1243 (11th Cir. 2003). It is not until after discovery has been conducted, "when the court has much more information on which to base its decision," that the court makes a factual determination on the similarly situated question. *Id.*

## **DISCUSSION**

The parties have presented the court with a fair amount of evidence on the issue of whether all past and current Service Managers are similarly situated. Although the motion at issue involves the **plaintiffs'** request for the court to grant **conditional**

*certification* of the putative class members – *i.e.*, it does not present the **defendants'** request for **decertification** – it is nevertheless appropriate for this court to carefully consider the submissions of the parties at this stage, inasmuch as the parties have conducted extensive discovery on the subject. *See Brooks v. Bellsouth Telecommunications, Inc.*, 164 F.R.D. 561, 566 (N.D. Ala. 1995) (viewing the evidence submitted by the parties in plaintiffs' motion for conditional class certification). Consideration of the evidence at this point may appear tantamount to short-circuiting the two-tiered approach taught in *Hipp*, but that approach was a suggestion, not a requirement. *See* 252 F.3d at 1219 (explaining that the decision to create an opt-in class under § 216(b) "remains soundly within the discretion of the district court"). Moreover, that Eleventh Circuit case may not have involved the same procedural posture as does this case, where substantial evidence on the issue at hand exists at the conditional certification stage. Finally, as discussed below, the submitted evidence tends to reveal that all Service Managers are in fact similarly situated – so the court would grant Smith plaintiffs' motion for conditional certification regardless of whether it applies a "lenient standard" or scrutinizes the evidence and applies a more rigorous standard.

Smith plaintiffs argue that all Service Managers are similarly situated because they have the same written job description. Therefore, Smith plaintiffs would conclude that all Service

Managers were subjected to "a unified policy, plan, or scheme" even though only a lesser showing would be necessary to establish that they were similarly situated.  *See Hipp*, 1208 F.3d at 1219.  NTW and Tire Kingdom respond that whether employees are similarly situated should depend on their actual job duties, not their job descriptions.  While the court agrees with NTW and Tire Kingdom on this point, Smith plaintiffs correctly point out that NTW and Tire Kingdom themselves submitted signed declarations of various current Service Managers indicating that the Service Managers' written job description accurately reflects their actual job duties.

NTW and Tire Kingdom next argue that the evidence which purportedly rebuts Smith plaintiffs' assertion that Service Managers are non-exempt employees[5] also reveals that all Service Managers are not similarly situated.  In particular, NTW and Tire Kingdom argue, based on affidavits and deposition testimony, that (1) Service Managers routinely make or participate in personnel hiring and firing decisions, but the extent of the Service Managers' authority regarding such decisions is not uniform among all NTW or Tire Kingdom Stores; and (2) the existence of Store Managers at NTW and Tire Kingdom stores does not render Service Managers non-exempt.  Regarding the second argument, NTW and Tire Kingdom offer no indication of how that leads to the conclusion

---

[5] Certain categories of employees, by the nature of their job duties and responsibilities, are exempt from the requirements of the FLSA and are thus not entitled to the compensation and benefits Smith plaintiffs now seek.  *See infra*, note 7.

that all Service Managers are not similarly situated, and the court is unable to discern one by itself.  The court therefore rejects this argument.

Regarding their first argument, NTW and Tire Kingdom assert that if Service Managers are non-exempt because they participate in the hiring and firing processes, they are not similarly situated because the extent of their participation in these processes varies across different NTW and Tire Kingdom stores.  In particular, NTW and Tire Kingdom assert[6] that:

- NTW Store Manager Randy Sparks testified that he is aware of at least two Service Managers working at NTW stores in Birmingham who have terminated employees without seeking or obtaining prior approval of a Store Manager.

- Mr. Sparks also testified that as a Store Manager, he determines the extent of his Service Managers' involvement in the hiring process, basing that determination on his assessment of the respective Service Manager's judgment and experience.

- NTW Area Director Gary Fox testified that Service Managers can and have unilaterally terminated employees in the Alabama-Tennessee District.

- Four Service Managers from different stores each declared that he or she has the authority to terminate employees without obtaining approval of a Store Manager or Area Director, and that he or she has in fact done so.

- A fifth Service Manager declared that he makes recommendations regarding hiring and firing, but cannot actually do so without the approval of a supervisor.

(Dkt. # 42).  The linchpin of NTW and Tire Kingdom's argument

---

[6] The court emphasizes that the points which follow are NTW's and Tire Kingdom's assertions which they base on deposition testimony and declarations. The court does not at this time either accept or reject these assertions as accurate reflections of the evidence.

therefore appears to be that all Service Managers can not be similarly situated because their duties and responsibilities in the hiring and firing of employees are not exactly the same for each of them across all stores.

The court does not now address the merits of NTW and Tire Kingdom's argument that the Service Managers are exempt employees under the FLSA, because it does not need to do so.  Even assuming that all the conclusions drawn by NTW and Tire Kingdom based on the submitted evidence are correct, those conclusions still do not refute Smith plaintiffs' showing that all Service Managers are similarly situated.   Smith plaintiffs met that burden by demonstrating that all Service Managers have the same written job description and that various Service Managers submitted signed declarations indicating that their written job descriptions accurately reflect their actual job duties.   To emphasize, the standard Smith plaintiffs must meet – and have successfully met – is that the Service Managers are *similarly* situated with regard to their job requirements and pay provisions.   Even looking at all evidence in the light most favorable to NTW and Tire Kingdom and adopting, for the sake of argument, those parties' conclusions wholesale, the court concludes that Service Managers are not all *exactly* situated, but that they are still *similarly* situated. Slight differences in the degree to which Service Managers participate in the hiring and firing of employees, even if such

9

differences are taken for granted, do not change this conclusion.[7]
Accordingly, regardless of whether the court applies a lenient
standard or a strict standard in determining whether the Service
Managers are similarly situated, it concludes that conditional
certification of all Service Managers is appropriate.

The court notes that, although it has viewed the evidence
before it in making this determination, NTW and Tire Kingdom are
not precluded from submitting a motion to de-certify some or all
members of the conditional opt-in class, after that class has been
established and further discovery has taken place.  For example, if
NTW and Tire Kingdom demonstrate that certain Service Managers who
eventually opt in are indeed not similarly situated to the past
Service Managers who are currently plaintiffs in this action (*i.e.*,
if NTW and Tire Kingdom demonstrate that there are differences
which are more substantial than slight distinctions in the degree

---

[7] The court is aware of the possibility that such slight differences may
distinguish employees who were properly categorized as FLSA-exempt from those
who were not.  Under the "executive exemption," the provisions of §§ 206 and
207 "shall not apply with respect to . . . any employee employed in a bona
fide executive . . . capacity . . . ."  29 U.S.C. § 213(a).  Under 29 C.F.R. §
541.100(a)(4), one of the requirements for proper classification as an
"employee employed in a bona fide executive capacity" is that the employee
"has the authority to hire or fire other employees or whose suggestions and
recommendations as to the hiring, firing, advancement, promotion, or any other
change of status of other employees will be given particular weight."
Recognizing that the issue presently before the court is Smith plaintiffs'
motion for conditional certification and to facilitate 29 U.S.C. § 216(b)
notice, the court needs not and does not make any determination as to whether
the evidence and argument submitted by NTW and Tire Kingdom is sufficient to
meet those parties' burden to show that Service Managers meet the 29 C.F.R. §
541.100(a)(4) requirement.  In other words, the court is not aware of any
authority indicating – and is not itself convinced – that a group of
individuals can not be both similarly situated for purposes of § 216(b) **and**
occupy slightly different positions on the 29 C.F.R. § 541.100(a)(4)
continuum.

to which the Service Managers are or were involved in the hiring and firing of employees), then the court will appropriately de-certify those non-similarly situated plaintiffs.  Moreover, as the issue is not properly before it, the court makes no determination at this time regarding whether the Service Managers were exempt employees and thus not entitled to overtime compensation and benefits under the FLSA.

**CONCLUSION**

For the reasons stated above, and by separate order entered contemporaneously herewith, the court will grant Smith plaintiffs' motion to facilitate 29 U.S.C. § 216(b) notice and conditionally certify a collective action with regard to the Service Managers employed since November 2003 only.  Smith plaintiffs' motion will be denied with regard to the Store Managers and Assistant Managers.

DONE this 26th day of September, 2006.


WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE